## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **Willie Bosby,** ) | |
|     **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 11-2620-JTM |
| ) | |
| **Fordyce Concrete, Inc.,** ) | |
|     **Defendant.** ) | |

### JOINT STIPULATED PROTECTIVE ORDER

WHEREAS, this is an action for alleged discrimination, retaliation, and other unlawful conduct against the Defendant by the Plaintiff under 42 U.S.C. § 1981.  In connection with this action, the parties acknowledge that the disclosure of certain confidential documents pertaining to Defendant's employees who are not parties, including personnel files, disciplinary files, and email communications, and information relating to Plaintiff's tax returns and personnel files may be disclosed subject to this Order.

WHEREAS, the parties believe they will be required, pursuant to Rule 26(a)(1) disclosures and requests for production of documents, to produce documents and other tangible things in their possession, custody, or control; and

WHEREAS, the parties mutually recognize the need to protect the confidential nature of certain confidential documents to be provided; and

WHEREAS, this Court has for some time recognized the good cause supporting the need to protect the confidential nature of certain documents including employee discipline, training, health, wage, benefit and other personnel matters as well as Plaintiff's tax information; and

WHEREAS, the above parties agree that these confidential documents and the information contained therein should be given the protection of an order of this Court in order to

1

prevent injury through disclosure to persons other than those persons involved in the prosecution of this litigation;

NOW, THEREFORE, IT IS HEREBY STIPULATED THIS 23rd DAY OF FEBRUARY, 2012:

1. That the parties may designate the following types of documents provided pursuant to Rule 26(a)(1) disclosures and requests for production of documents, as confidential:

   (a)   Personnel records

   (b)   Confidential documents pertaining to Defendant's employees, who are not parties, including disciplinary files, email communications, notes and other tangible things

   (c)   Tax records and Social Security numbers

2. That the Confidential Documents and the information contained therein and derived therefrom shall be used by any party to these cases (other than the party producing the document) only for the purposes of this case. Furthermore, the materials described in paragraph 1 above may only be disclosed to the following persons or representatives of entities described below:

   (a)   The Court and the jury, pursuant to Paragraph 6 of this Order;

   (b)   Counsel who have appeared of record for a party in these cases and employees of such counsel;

   (c)   Named parties and officers or employees of a party in these cases who are assisting counsel in the prosecution or defense of these cases;

(d) Persons specially retained by a party or counsel in this litigation to assist in the preparation of this litigation for trial who are not regular employees of a party to this litigation, and only if such persons need such Confidential Documents;

(e) Any person of whom testimony is taken or to be taken in this litigation, <u>except</u> that such a person may only be shown Confidential Documents during his/her testimony and in preparation therefore, and only to the extent necessary for such preparation of testimony;

(f) Any mediator appointed by the Court or agreed to by the parties.

3. That the parties agree to provide a copy of this Order to each person given access to the Confidential Documents and the information contained therein or derived therefrom pursuant to Paragraphs 2(b), 2(c), 2(d) or 2(e);

4. Any party seeking to file Confidential Materials with the court shall file a motion with the court requesting leave to file the documents under seal;

5. That if any party objects to the designation of a document as "CONFIDENTIAL," such party may apply to the Court for a ruling that the document shall not be so treated after giving ten (10) days prior written notice of such application to all other parties. Unless and until this Court enters an order changing the confidential designation of the document, such document shall continue to be protected as provided for in this Order;

6. That in the event any Confidential Documents are used in any court proceeding herein, including depositions, such document shall not lose its confidential status through such use, and the parties shall take all steps reasonably required to protect the confidentiality of documents during such use;

7. That by this Stipulated Protective Order the parties do not waive any legal right or privilege to object to the production of any document, including any right or privilege under the work product doctrine or attorney-client privilege;

8. That if any party has cause to believe that a violation of this Order has occurred or is about to occur, such party may ask this Court or any other proper court for appropriate relief;

9. It is understood that upon completion of the litigation only one copy of any Confidential Documents may be retained by opposing counsel. All other Confidential Documents and copies thereof in the possession, custody or control of any party or counsel shall be destroyed or returned to the party from whom such Confidential Documents were obtained, upon request of the producing party.

IT IS SO STIPULATED.


IT IS SO ORDERED this 23rd day of February, 2012.

              S/ James P. O'Hara
              Judge James P. O'Hara
              United States Magistrate Judge

## **APPENDIX A**

TO:_____

    Re:    Confidential Documents Subject to Protective Order in
              Willie Bosby v. Fordyce Concrete Company, Inc.
              United States District Court Case No. 11-2620-JTM-JPO

Dear Sir:

    This is to certify that the undersigned has read and is fully familiar with the provisions of the Protective Order dated _____, 2012, signed by the United States District Court Judge and filed in the captioned matter (hereinafter referred to as ("Protective Order").

    As a condition precedent to examining any discovery material pursuant to the Protective Order, or obtaining any information contained in or derived from said material, the undersigned hereby agrees that the Protective Order shall be deemed to be directed to and shall include the undersigned, and the undersigned shall observe and comply with the provisions of the Protective Order.

                                                             Very truly yours,

                                                            _____
                                                           Name
                                                           _____

                                                           _____

                                                           _____

                                                           _____
                                                           Address

SIGNED at:_____,

this _____ day of _____, 2012.

Respectfully submitted by,

Steven D. Horak
10215 Hardy Drive
Overland Park, Kansas 66212
(913) 381-6515
(913) 254-3383 (FAX)
Horaklawoffice@yahoo.com

By:    /s/ Steven D. Horak
          Steven D. Horak

*Attorney for Plaintiff Willie Bosby*

and

McANANY, VAN CLEAVE & PHILLIPS, P.A.
10 East Cambridge Circle Drive, Suite 300
Kansas City, Kansas  66103
(913) 371-3838
(913) 371-4722 (FAX)
cgallagher@mvplaw.com
mnero@mvplaw.com

By:   /s/  Mary M. Nero
          Carl A. Gallagher #10736
          Mary M. Nero #24446

*Attorneys for Defendant Fordyce Concrete, Inc.*