IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Willie Bosby,

      Plaintiff,

vs.                                    Case No. 11-2620-JTM

Fordyce Concrete Co.,

      Defendant.

MEMORANDUM AND ORDER

This matter is before the court on the plaintiff Willie Bosby's Motion for Partial Summary Judgment, which seeks to preclude his former employer and defendant Fordyce Concrete from employing any defense under *Faragher v. City of Boca Raton*, 524 U.S. 775 (1997). Bosby, who is African American, was terminated by Fordyce on May 21, 2010.

Bosby's motion rests almost entirely on his own affidavit, stating that Fordyce did not have any policy book "in its own name," although it did have one issued under the name of is parent company, Ash Grove. However, Bosby alleges that Fordyce did not give him any employee policy, that Fordyce gave him no discrimination or harassment training, and that Fordyce never had him sign any form regarding discrimination policy.

Bosby also avers that Bobby Peacock "was in charge of defendant's plant while plaintiff worked there," and allowed a racially hostile work environment at the Fordyce

Plant, and that Peacock had been required to issue letters of apology after making racially derogatory comments in 2008 to employees of the Missouri Department of Education. He states that in January 2009 he "was aware" that another employee, Jimmy Combs, had made racially derogatory comments in 2006.

The court will deny Bosby's request for summary judgment. Under *Faragher*, an employer charged with unlawful harassment has a defense if it can show, first, that it exercised reasonable care to prevent and promptly correct any harassment, and second, that plaintiff failed to take advantage of the preventive or corrective opportunities provided by defendant to avoid harm. 524 U.S. at 807.

Material issues of fact exist with respect to the *Faragher* defense. The employee policy handbook cited by Bosby may have been issued by Ash Grove, but the first page of the document plainly states that the policies of the handbook apply to all Ash Grove companies, and it explicitly lists Fordyce as one of the covered entities. Further, the defendant has supplied evidence that it did in fact give Bosby training and informational materials about discrimination and harassment. Contrary to the statements in Bosby's affidavit, Fordyce has produced sign-in sheets for various training sessions, showing that Bosby attended such sessions. Finally, Fordyce cites Bosby's deposition, where he testified:

> Q. When working at Fordyce were there any employee handbook or employee policies?
>
> A. Yes. It was an employee handbook and a Teamster handbook.
>
> Q. And did Fordyce or the union provide you with copies of those?

    A. Yes.

Fordyce has also introduced evidence contradicting other factual claims by Bosby, showing that Peacock had not in been charge of the Fordyce plant and had no supervisory position over the plaintiff, that the 2008 incidents involving Peacock were adequately investigated by Fordyce and resolved to the satisfaction of all parties, and that Combs was not cited for racial harassment in 2006. Fordyce has independently presented evidence that Bosby knew company policy allowed him to complain to his supervisor of any conduct by another worker. Bosby conceded in his deposition that he did not report to his supervisor many of the instances of harassment he now complains of. When he did complain, he testified, his supervisor would discuss the issue with the accused and instruct him to refrain from any harassment.

Construing all of the facts in the light most favorable to Fordyce, the court finds that summary judgment should be denied. Many of Bosby's averments are directly contradicted by his deposition testimony. There is evidence, including the plaintiff's own testimony, from which a rational fact-finder could conclude that Fordyce had policies and procedures in place to combat harassment. The 2008 incidents involving Peacock might be taken by a rational fact finder as illustrative of the effectiveness of Fordyce's policies — alerted by complaints from the Missouri Department of Transportation, Fordyce investigated and required Peacock to issue letters of apology, which were both accepted by the MDOT workers and apparently successful in forewarning Peacock from any similar actions.

IT IS ACCORDINGLY ORDERED this 13th day of November, 2012, that the plaintiff's Motion for Summary Judgment (Dkt. 22) is hereby denied.

          s/ J. Thomas Marten
          J. THOMAS MARTEN, JUDGE